Ladies and gentlemen, we are here for arguments in today's cases, and I should assure counsel, in this case and the rest, that if we run into technological difficulties, we will certainly adjust that without prejudice to your time. And I will also note for the record that our first case calendared for today, Denso v. Saul 22327 will be submitted on the briefs, and so we will proceed immediately to case number two, Parzych v. Attorney General Garland 2023-17. And Mr. Rayfield, are you ready? Yes, Your Honor. Thank you. May it please the Court, Mike Rayfield on behalf of the petitioner Czeslaw Parzych. The dispute in this case is narrow, whether intent to commit a felony and intent to commit theft are distinct elements of Illinois burglary as opposed to means of commission. But I think I can narrow the issues even more today by focusing on two key cases. One is the Illinois Supreme Court's decision in People v. Scott, which holds that a defendant can't be convicted of two burglaries simply because he entered a structure with two crimes in mind. The second case is this Court's recent decision in United States v. Garcia, which holds that when listed items in a statute cannot give rise to multiple convictions, they are not elements of the crime and the modified categorical approach doesn't apply. Taken together, those cases are dispositive in Mr. Parzych's favor, but at minimum, the government hasn't met its burden of definitively supporting its own position as the law requires. So, taking just a step back, we think that Scott and the combination of Scott and Garcia decide this case. As this Court said in United States v. Edwards, a statute is divisible only if it creates multiple offenses by listing one or more alternative elements. The Illinois Supreme Court held the opposite of that in Scott. In that case, the defendant was convicted of three crimes, burglary with intent to commit theft, burglary with intent to commit rape, and burglary with intent to commit deviant sexual conduct. But the Court held that only one of those convictions could stand. It said that, quote, the fact that the defendant might have intended several different crimes if the opportunity presented itself does not justify conviction of and sentence for three separate crimes. And the government— Mr. Rayfield, I take it the Supreme Court in Mathis made it quite clear that as we engage in this analysis, the elements v. means analysis, it's state law that we need to look to. That's correct. But the reason I'm relying on Garcia is because that is a case applying state law to the modification of the decorum approach. Sure. Mr. Rayfield, the debate is a very narrow one between the use of the word offenses and the use of the word elements, right? Because if Scott is telling us that a defendant cannot be convicted of two burglaries, even if they enter the structure with two crimes in mind, we have an intent to enter a structure with the possibility of two offenses occurring, but ultimately only one offense allowed. And you're relying on that limit on the offense allowed to make this a situation on divisibility. Is that correct? That's correct. When a statute lists multiple elements in the alternative, what it's essentially doing is creating multiple crimes, almost as though they were in separate statutes. So when Scott says that you can have only one burglary per unlawful entry, it's saying that the intent to commit felony and intent to commit theft are not separate elements that can give rise to separate crimes, separate punishments. And the government agrees in its brief that, just to quote the government's brief, a defendant may not be convicted and sentenced for multiple burglaries based on the same act. That's page 27 of the government's brief. And we think that's as clear of an indication as you can get, that the statute is not visible, which is exactly what this court said in the United States versus Garcia decided last year. In that case, the court was dealing with an Indiana statute that listed several different types of drugs, one of which was not on the federal part of the federal generic offense. And the court held that that statute was not divisible. And it found that one Indiana middle appellate court case was, quote, clear and ambiguous because it held that the defendants could only be convicted of one count under this statute, even though two drugs itemized in the statute were involved. And the court said that because the Illinois statute, Indiana statute, lists alternative means of committing a single offense, the modified categorical approach couldn't be applied. And the same is true here. Because the categories of intent can give rise to only one burglary conviction, they aren't divisible elements. But just to clarify, the burden is on the government here. At minimum, the cases don't definitively support the government's position. As this court said, in the Najera-Rodriguez case decided in 2019, there needs to be, quote, a clear decision, treating the listed categories of intent as distinct elements. And although the Illinois, although Illinois burglary has had the same basic elements for over a century, the parties haven't found a case suggesting that intent to commit a felony and intent to commit theft are distinct elements. What about this distinction between specific intent and general intent that the government raises? Sure. So specific intent means in Illinois, as it does in most states, that you have to that you do something that can reasonably expect be expected to result in the intended crime in this case. So what this means in our situation is that a defendant needs to subjectively desire one of the two listed categories of intent. But that doesn't make them element because even if the defendant, even if the prosecution submits direct evidence that the defendant wants to commit two separate crimes in the structure, that can't give rise to two separate convictions. So you're relying for that, I take it, on Scott. If the prosecution proved that the defendant had the specific intent to enter and steal something, and the defendant also had the specific intent to enter and commit assault on a person who's there, a felony, those are still two intents and one crime under Scott. That's correct, under Scott. And we're also relying on two Illinois middle appellate case, Illinois middle appellate court cases, People v. Smith and People v. Turner, which are cited in our briefs. And I think those are important cases too, because they hold that a burglary indictment can be phrased in the disjunctive. An indictment can say a felony or theft. You don't need to pick one in the indictment. And the court in Smith held that the reason that type of indictment is okay is precisely because the intended crime doesn't affect the defendant's punishment. So although the government can specify the intended crime in the indictment, as in some cases the government cited in its brief, and it often does, it doesn't have to. And that's the jury doesn't have to unanimously agree on one of them. However, Mr. Rayfield, what about this concept that the jury instruction provides for this blank line where the offense is to be written in? I mean, we're getting very close to this distinction between offense and elements, right? So there have been several courts that have held that that type of blank line is not an indication that something is an element. Nothing in the jury instructions prevents the government from putting in that blank line felony or theft, which is exactly what happened in Smith and Turner. And the Tenth Circuit held in the Cantu case, which is cited in our brief, and the Second Circuit held in the Harbin case, which is cited in our brief, that simply permitting the jurors that choice, that just because the offense is left blank in the jury instructions, that doesn't mean that you have to put only one in, and you can leave the jurors with a choice between the two intended crimes. So we don't think that the pattern instructions tell us really anything in this case. And I'll reserve the remainder of my time unless the court has any questions for me. I know I only have a minute and a half left. I'm sorry. Okay, that's, that would be fine. Thank you very much. Ms. Miles. Good morning, Your Honors. I'm Erica Miles for the Attorney General. The government's view is that People v. Scott and Garcia taken together, Mr. Parchik's contention, is an opposite in this case. And that is because in Mathis, elements are defined as the constituent parts of a crime's legal definition, which the prosecution must prove, which a jury must find beyond a reasonable doubt, or at a guilty plea, what a defendant must necessarily have admitted. There must be a legal consequence attached to distinguish this to be an element as opposed to since the Illinois statute specifies either intent to commit a felony or intent to commit the theft. And so, and the punishment is the same. There has to be some bad intent, but there are a number of different ways you can prove that bad intent. That sounds a lot like Mathis and means to me. Well, the fact that it's worded in the disjunctive doesn't, doesn't indicate, it could indicate that it's an element. So, so to answer your initial question here, that the fact that it says, or raises the possibility for sure that this is an element, it doesn't tell us the answer, but it raises the possibility. So the disjunctively worded statute does invite this inquiry. And it would be, your case would be stronger if it said, and I think when it says, or there, there are two different ways. Actually, there are other ways in which this statute has different means because under Illinois law, there are different kinds of, of places that you could enter a motor vehicle or watercraft, a home, a building, a structure, any of those is a means of committing that offense. So I'm not getting much help out of or. Well, we're not talking about the giving you an example to, to say that your argument that felonious intent or intent to commit theft is the same thing as we have in other parts of the statute. And, and why, why in light of the Scott decision and the fact that there's no difference in punishment, why does that take you to the, to the very strong result that these are elements, that there are actually two offenses described in this one statute? The Illinois Supreme court case in too late provides that intent to commit theft is a different type of burglary than an intent to commit any felony. And that is definitive in too late. So not only does too late established that the mental state element, the intent to commit an offense is a specific intent. It also establishes that it must be both charged and proven. And it also establishes that a failure to charge an alternative where the offense actually charged was not proven the failure to charge the alternative of theft, which in theory could be proven by just breaking and entering could not be proven in that case because it was not charged. So too late is a very important case, establishing the magic words meeting meant Mathis, excuse me, that mental state is an essential element that must be proven by the prosecutor is a specific intent. And it also attaches a severe legal consequence of a defendant being of a conviction being vacated because of a failure to charge the alternative of conviction of intent to commit theft. And there is an appellate level decision pain, which interprets too late, very clearly. And pain says that under too late, not only is the mental state an essential element of residential burglary, but burglary with intent to commit a theft is a different offense than residential burglary with intent to commit a felony. But, but you still have to go back to the language of the statute here, which simply says with intent to commit there in a felony or theft. And if you just repeated that statutory language in an indictment, presumably that would be sufficient. It is not sufficient. I'm not sure you're right. I think that you, if you can't get two convictions out of it, if you can't get a conviction for the intent to commit a felony conviction, number one, the intent to commit a theft conviction, number two, how is this an element? What I would like to take a step back and start back at Mathis as the fundamental start. If there is a definitive case, which we have, but then your definitive case, we do too late. Well, I mean, you say it is that that's what we'll decide, right? If I, if I may finish the thought, if there's a definitive case and we say too late is definitive because it does meet all of these requirements, then these other indicia that, that we're talking about, these other signals that the court asked for in the Hera, these don't even come into play. The court doesn't need to consider whether there are different punishments. The court doesn't need to consider whether or not somebody can be convicted of two crimes arising out of a single incident. They certainly are case. The only place you cite too late is on page two of your brief as part of a string site. And you say the intent element is divisible. In other words, the two different kinds of intents, because it is a specific intent element, which requires proof of the essential element of what specific offense was intended to be committed. Then you cite a bunch of cases, Richardson, Maggette, too late, Johnson, Sosnowski, Gillespie. And, and I'm not sure that they stand for this very aggressive proposition that you are, that you are urging. These cases, these cases. There has never been a case where two different convictions have come out of a single event. Well, in fact, yeah, yes, there was, it was the Supreme Court case that the, to allow, to permit a multiple convictions that the Scott case that he raises, and that's where it happened. They, they were convicted unanimously. It was proven beyond a reasonable doubt that he had intent to do three different offenses. And Scott then took that up and, and decided that you could only stand convicted and sentenced to one because it was arising out of a And if you look at Scott's reasoning, the reasoning was, was not, had nothing to do with the fact that these were different elements that a jury wouldn't have to find. The reasoning was about fairness at the time of parole. It does seem to me you're turning Scott inside out. You know, Scott says there's one offense. But one offense is not definitive under Mathis. What's definitive under Mathis is whether or not the state must prove the element beyond a the case law here requires that it must be charged. Let me just interrupt you for a minute. The state has to prove every element of a crime beyond a reasonable doubt. So I think your reasoning is too big. A state would have to prove, you know, the, the act of breaking in beyond a reasonable doubt. It doesn't mean that walking in by invitation is also encompassed. You, of course, the state has to prove intent beyond a reasonable doubt, but I don't think that tells you, I don't think it gives you the answer to which kind of intent somebody has. You just have to prove one of them beyond a reasonable doubt. The Illinois Supreme Court must select and prove beyond a reasonable doubt. The cases that Mr. Rayfield cited, the Smith case, for example, where the alternatives were charged, the Supreme Court was examining whether or not that would be duplicitous because there aren't different penalties. Typically, the state must must select either theft or a specific felony. But the cases that talk about when an indictment charges the alternatives are looking under a different standard, whether the defendant had enough notice as to what the prosecution was actually seeking to prove, which specific theft or rape or arson felony, as long as there was notice. So the Smith case and those line of cases are looking, well, did the defendant have their notice? He had an opportunity to ask for a bill of particulars, but he did not. We, you know, the criminal procedure statute here also provides that you're not supposed to list alternatives, recognizing that it happens, that it can be remedied at trial by asking for a bill of particulars, or it can be remedied on appeal to say, look, they changed the theory on me at the last minute. They changed the charge from theft to felony at the very last minute, which happened in the Payne case. And I did not have notice as to what the government was seeking to prove. So those cases where, yes, in fact, the alternative was charged happened, don't stand for the proposition that how it should have played out. Okay. I need to specify time is up. Thank you. Just wrap up. Thank you very much. Yep. I tried to give you a little extra because of the questions, but thank you. All right. Anything further, Mr. Rayfield? Yes, Your Honor. Just, um, I just wanted to briefly address the too late case. Um, in too late, the court held that the government didn't present sufficient evidence of intent to commit rape. And then it held that because the government didn't charge intent to commit theft, the burglary, the defendant's burglary had conviction had to be vacated. This holding necessarily follows from Illinois fair notice principles, not from any distinction between means and elements. Once the government charges a specific, a specific crime, like intended rape or intended murder or intended theft, it can't then pull a bait and switch at the last minute and secure a conviction based on an entirely different intended crime. But the court never said in too late or any, or any of the cases that, that my colleague cited that the categories of some Illinois cases that have talked about the different forms of proof that are generally required to, to secure a burglary conviction for intended theft versus other types of felonies. And we all know that it's, that there's different evidence required, um, to support those two types of intent, but what the government needs and doesn't have is a case where, where the court held that the jury has to unanimously agree on which of the two intended crimes, uh, intended crimes, the dependent, uh, intent. There's nothing definitively that's supporting the government position, the government's position. At most, what we have here is an unsettled set of authorities, which is why the parties have had to parse through dozens of Illinois cases that aren't really on point. Mr. Redfield, one question before you go. Um, when we look at Garcia, we look at Najera Rodriguez, those two recent cases, we're dealing with something that's more concrete, uh, is a certain substance within a schedule is a certain substance criminalized when we're dealing with this, um, crime here, it's something much more ephemeral intent. Is there any distinction there, um, that we should take into account when we're resolving the case? Your Honor, I don't think that distinction technically matters, but if, if, if anything, you would, you would expect it to, it to support our position because in, in those cases, you are talking about something, at least something far more tangible than, than an intended crime. You have, you have, uh, specific drugs that are either listed in the statute itself or listed in an associated schedule. But here, all the statute says, as, as your honors have pointed out is felony or, or that there's no indication that the punishments are different. There's nothing, there's nothing about the statute that suggests that the intended, intended, uh, crime has any legal effect. They're, they're interchangeable forms of intent of the statute. I hope I answered that question and because I'm out of time, I'll just, I'll just conclude by saying that the, because the modified categorical approach doesn't apply, the court should grant Mr. Parzich, Mr. Parzich's conviction, uh, petition and terminate his order of removal. Uh, thank you, your honors. Thank you very much. Uh, thanks to both counsel. The court will take this case under advisement.